UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**FCA US LLC,**

    Plaintiff,

v.

**AUSTIN MICHAEL ROBINSON** as the Personal Representative of the **ESTATE OF KRISTINA COLANGELO,** the **ESTATE OF MICHAEL J. PIAZZA, KAITLYN PIAZZA, DARIN PIAZZA,** and **JOSHUA PIAZZA,**

    Defendants.
_____/

Honorable

Case No.

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Plaintiff FCA US LLC, by and through its attorneys Fisher & Phillips LLP, files this Complaint against Austin Michael Robinson, as the Personal Representative of the Estate of Kristina Colangelo, Kaitlyn Piazza, Darin Piazza, Joshua Piazza and the Estate of Michael J. Piazza for declaratory relief pursuant to 28 U.S.C. § 2201, 29 U.S.C. § 1132(a)(3), and Federal Rule of Civil Procedure 57, and states as follows:

### JURISDICTION AND VENUE

1.    This action is brought pursuant to the Employee Retirement Income Security Act, "ERISA," 29 U.S.C. § 1132(a)(3) to determine rights to benefits under the terms of the FCA US LLC UAW Savings Plan. ("Savings Plan").

1

2. FCA US LLC is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan, and fiduciary, as the Sponsor, and through its Employee Benefits Committee, Administrator, of the Savings Plan.

3. The Savings Plan is an "employee pension benefit plan" covered by the terms of ERISA. 29 U.S.C. § 1002(2).

4. Defendants Kaitlyn Piazza, Darin Piazza, and Joshua Piazza are named beneficiaries of Michael J. Piazza's Savings Plan account. 29 U.S.C. § 1002(8).

5. Defendant Austin Michael Robinson, as the Personal Representative of the Estate of Kristina Colangelo, claims an interest in Michael J. Piazza's Savings Plan account as a beneficiary or otherwise by virtue of Michael J. Piazza's alleged killing of Kristina Colangelo.

6. Defendant Estate of Michael J. Piazza may claim an interest in Michael J. Piazza's Savings Plan account under the terms of the Savings Plan if there is no effective beneficiary designation.

7. This Court possesses federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 1132(e)(l) to determine the rights and liabilities of Savings Plan beneficiaries and the Savings Plan under the terms of the Savings Plan and under ERISA, 29 U.S.C. § 1001, *et. seq.,* including but not limited to, 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1056(d)(l).

8. FCA is a fiduciary authorized to initiate a civil action pursuant to 29 U.S.C. §1132(a)(3) to obtain appropriate equitable relief to enforce ERISA and the terms of the Savings Plan. District Courts of the United States have exclusive jurisdiction of civil actions brought by a fiduciary under 29 U.S.C. § 1132(a)(3).

9. Venue is proper in the Eastern District of Michigan pursuant to 29 U.S.C. § 1132(e)(2) because the Savings Plan is administered in this district.

## FACTUAL ALLEGATIONS

10. Upon information and belief, Michael J. Piazza died in May of 2021.

11. At the time of his death, Michael J. Piazza was an active hourly bargaining unit employee of FCA US LLC and was a Participant in the Savings Plan. 29 U.S.C. § 1002(7).

12. The Estate of Kristina Colangelo alleges that Michael J. Piazza killed Kristina Colangelo and then committed suicide.

13. Upon the death of a participant, the Savings Plan provides certain benefits to the named Beneficiaries of Michael J. Piazza's Savings Plan account and, if there is no effective Beneficiary designation, to the Estate of Michael J. Piazza.

14. Kristina Colangelo is not a named Beneficiary of Michael J. Piazza's Savings Plan account.

15. Notwithstanding Kristina Colangelo's lack of a Beneficiary designation in Savings Plan documents or instruments, the Estate of Kristina Colangelo

claims entitlement to the proceeds of Michael J. Piazza's Saving Plan account under Michigan's "Slayer Statute" and common-law slayer principles because Michael J. Piazza allegedly killed Kristina Colangelo.

16. The Estate of Kristina Colangelo initiated a wrongful death action in Wayne County Circuit Court against Michael J. Piazza in which it obtained a Temporary Restraining Order and Writ of Attachment against the Savings Plan to preserve funds in Michael J. Piazza's Savings Plan account.

17. The Savings Plan removed the Wayne County Circuit Court action to this Court, case no. 2:21-cv-11375, but this Court remanded the action to Wayne County Circuit Court, pointing out that the Estate of Kristina Colangelo pleaded no federal claims in the Wayne County Complaint.

18. Prior to this Court's Order Remanding Case, the Estate of Kristina Colangelo argued in a Response to Dismiss, ECF No. 13, PageID 230-231, that Michigan's Slayer Statute "terminates the property rights of a person who intentionally kills another" and the Estate of Kristina Colangelo intends to pursue the proceeds of Michael J. Piazza's Savings Plan account should it prevail on its wrongful death claim.

19. The Savings Plan therefore face competing claims for the proceeds of Michael J. Piazza's Savings Plan account.

4

## COUNT I – DECLARATORY RELIEF

20. ERISA requires the Savings Plan to be administered in accordance with the documents and instruments governing the Savings Plan. 29 U.S.C. §§ 1104(a)(l)(D) and 1102 (b)(2) and (4).

21. Michael J. Piazza's Beneficiary designations are instruments under which the Savings Plan is administered.

22. ERISA and the terms of the Savings Plan prohibit the assignment or alienation of Savings Plan benefits, with limited exceptions that are inapplicable here.  29 U.S.C. § 1056(d).

23. Given the conflicting claims and interests presented by Defendants, FCA US LLC is unable to determine which of them, if any, is entitled to the benefits from the Savings Plan, or whether an as yet unknown claimant would be so entitled.

24. The Savings Plan is subject to double or multiple liability absent the court's declaration as to whom should receive the proceeds of Michael J. Piazza's Savings Plan account.

25. The Savings Plan will provide the benefits due under the Savings Plan to such beneficiaries as the Court may direct.

WHEREFORE, FCA US LLC respectfully requests:

(a) Defendants be restrained from taking any proceeding or action against FCA US LLC, the Savings Plan or any of its service providers in relation to benefits from the Savings Plan;

(b) Defendants be required to appear, interplead and litigate among themselves their claims to the benefits;

(c) That the Court determine the respective interests of the Defendants in the Savings Plan benefits and enter judgment declaring the proper recipient or recipients of the benefits and discharge FCA US LLC, the Savings Plan and its service providers from all liability to the Defendant whom are not entitled to such benefits; and

(d) That the Court award FCA US LLC its costs and attorney fees incurred in bringing this action and such other further relief as the Court may deem just and proper.

Respectfully submitted,

FISHER & PHILLIPS LLP

/s/ William E. Altman_____
William E. Altman (P52788)
31780 Telegraph Rd., Ste 200
Bingham Farms, MI 48025
(248) 433-8710
waltman@fisherphillips.com

Attorney for Defendant FCA US LLC

FP 42967389.3